IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00018-MR
(CRIMINAL CASE NO. 1:17-cr-00046-MR-WCM-5)

| | |
|---|---|
| RICHARD ARLEE CHAMPION, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court on Petitioner's *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Doc. 1]. Also pending are Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2], Motion to Appoint Counsel [Doc. 3], and Motion to Traverse the Government's Response [Doc. 4].

A jury found Petitioner guilty of conspiracy to distribute and possess with intent to distribute 50 grams or more of actual methamphetamine and possession with intent to distribute 50 grams or more of actual methamphetamine. [See Criminal Case No. 1:17-cr-00046-MR-WCM ("CR") Doc. 161: Verdict]. He was sentenced on April 26, 2018 to 262 months' imprisonment followed by 10 years of supervised release. [CR Doc. 180:

Judgment entered Apr. 30, 2018]. The Fourth Circuit Court of Appeals affirmed the Judgment in an opinion issued on June 11, 2019. <u>United States v. Champion</u>, 777 F. App'x 66 (4th Cir. 2019). Petitioner obtained an extension of time until January 10, 2020 to file a petition for writ of certiorari. <u>See</u> <u>United States v. Champion</u>, No. 18-4274, Doc. 66 (Nov. 6, 2019). However, the Petitioner did not file a petition for writ of certiorari.

Petitioner filed the *pro se* § 2255 Motion to Vacate on January 7, 2021.[1] [Doc. 1]. The Motion to Vacate includes only headings for claims of ineffective assistance of counsel (Claim (1)) and of substantive errors (Claims (2)-(4)). Petitioner explains in a Letter to the Clerk of Court that accompanied his Motion to Vacate that he intends to file a memorandum in support of his claims. [Doc. 1-1]. No such document has been filed to date

The § 2255 Motion to Vacate is insufficient to proceed in that it fails to state the facts supporting each ground. <u>See</u> Rule 2(b)(2), 28 U.S.C. foll. § 2255. Petitioner shall have **thirty (30)** days to amend his § 2255 Motion to Vacate to correct this deficiency, subject to all timeliness and procedural requirements. Piecemeal filing will not be permitted. Petitioner should

---

[1] <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988) (establishing the prison mailbox rule); Rule 3(d), Rules Governing § 2255 Proceedings in the United States District Courts (addressing inmate filings).

2

Case 1:21-cv-00018-MR   Document 5   Filed 01/19/21   Page 2 of 5

specifically address why his Amended Motion to Vacate is timely.[2] If Petitioner fails to amend his § 2255 Motion to Vacate in accordance with this Order and within the specified time, this action will be dismissed and closed without further notice.

Petitioner has filed a number of motions which will be addressed in turn. First, Petitioner has filed an Application seeking to proceed in this case *in forma pauperis*. [Doc. 2]. Petitioner's Application will be denied as moot, as § 2255 proceedings do not require a filing fee. See United States v. Frady, 456 U.S. 152, 182 n.6 (1982); Rules 1, 3, 28 U.S.C. foll. § 2255, Advisory Committee Notes.

Next, Petitioner has filed a Motion for Appointment of Counsel in which he states that he is indigent and cannot afford a lawyer, that he lacks legal training or expertise in the law, and that his correctional institution has been "locked down with modified movement, having absolutely no access to any research tools or materials" due to the COVID-19 pandemic. [Doc. 3 at 1].

---

[2] Petitioner was previously informed of the one-year statute of limitations that applies to § 2255 proceedings. [See CR Doc. 214]. He is further advised that equitable tolling of the period to file a petition for collateral review is available when the petitioner demonstrates "(1) the has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010); see Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements.").

3

There is no constitutional right to the appointment of counsel in a § 2255 proceeding. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). In § 2255 actions, appointment of counsel is required where discovery is necessary or if the matter proceeds to an evidentiary hearing. Rules 6(a), 8(c), 28 U.S.C. foll. § 2255. Further, the Court may appoint counsel to a financially eligible habeas petitioner if justice so requires. See 18 U.S.C. § 3006A(a)(2)(B).

The Petitioner's indigence and lack of legal knowledge do not warrant the appointment of counsel. Further, he has not demonstrated that the COVID-19 pandemic warrants the appointment of counsel at this time. Petitioner alludes to institutional restrictions that have resulted in "no access" to "research tools or materials." However, he fails to adequately describe the nature and duration of these restrictions or explain why the assistance of counsel is required. The Motion is therefore denied.

Finally, the Petitioner has filed a "Motion to Traverse the Government's Response" [Doc. 4], in which he seeks leave to file a reply should the Government be required to respond to the Motion to Vacate. This Motion is denied as moot because the Rules applicable to § 2255 proceedings provide that a reply is permitted; no leave of Court is required. See Rule 5(d), 28 U.S.C. foll. § 2255.

**IT IS, THEREFORE, ORDERED** that:

(1) Petitioner shall have **thirty (30) days** in which to amend his § 2255 Motion to Vacate in accordance with this Order, subject to all timeliness and procedural requirements. His failure to do so will result in this action's dismissal without further notice;

(2) Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2] is **DENIED AS MOOT**;

(3) Petitioner's Motion to Appoint Counsel [Doc. 3] is **DENIED**; and

(4) Petitioner's Motion to Traverse the Government's Response [Doc. 4] is **DENIED AS MOOT**.

The Clerk of Court is respectfully directed to send the Petitioner a blank § 2255 form along with a copy of this Order.

**IT IS SO ORDERED.**

Signed: January 18, 2021

Martin Reidinger
Chief United States District Judge